IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA * | |
| * | |
| v.   * | CRIMINAL NO. 23-00126-JB |
| * | |
| HASSAN D. JONES   * | |
|   aka HOT,   * | |
|   aka HOTBOY23   * | |

## UNITED STATES' SENTENCING MEMORANDUM

The United States, by and through Sean P. Costello, the United States Attorney for the Southern District of Alabama, respectfully submits this sentencing memorandum for the Court's consideration prior to the sentencing of defendant Hassan D. Jones ("Jones"), which is currently scheduled for 10:00 am on March 11, 2024. Doc. 84 (order on jury trial). The United States' sentencing presentation likely will not exceed 30 minutes. S.D. Ala. CrLR 32(b)(5). All dates, times, locations, and amounts referenced in this memorandum are approximations.

I.   BACKGROUND

The United States previously summarized the factual and procedural background of this case in several filings. *See generally* Docs. 37 (response to suppression motion); 40 (response to motion to dismiss); 66 (response to motion to compel); and 82 (trial brief). On October 25, 2023, a grand jury in the Southern District of Alabama indicted Jones on five counts: conspiracy to possess with intent to distribute marijuana (Count 1); possession with intent to distribute marijuana (Count 2); possession of firearms, including an illegally modified machinegun, in furtherance of drug-trafficking crimes (Count 3); possession of firearms as an eight-time convicted violent felon (Count 4); and illegal possession of an unregistered machinegun (Count 5). Doc. 59 (superseding indictment). On December 8, 2023, following a three-day trial, a petit jury convicted Jones on all counts. Doc. 83 (jury verdict).

On March 1, 2024, the U.S. Probation Office published Jones's final presentence investigation report ("PSR"). Doc. 92. Because Jones is a career criminal, his advisory Guidelines range is 720 months (60 years) to life in prison. *Id.*, PageID.817–18, ¶¶ 97–99. For the reasons set forth below, the United States respectfully urges the Court to impose a sentence within the advisory Guidelines range.

II.     **DISCUSSION OF THE SECTION 3553(a) FACTORS**

Three pertinent factors command the Court to impose a significant sentence in this case: (1) the severity of Jones's crimes; (2) Jones's criminal history; and (3) Jones's violent nature. 18 U.S.C. § 3553(a)(1)–(2). The United States addresses each factor in turn below.

***The severity of Jones's crimes***. The dangerousness of Jones's crimes is manifest. As the Eleventh Circuit repeatedly has stated, "guns are a tool of the drug trade. There is a frequent and overpowering connection between the use of firearms and narcotics traffic." *United States* v. *Pham*, 463 F.3d 1239, 1246 (11th Cir. 2006); *see also United States* v. *Lopez*, 649 F.3d 1222, 1242 (11th Cir. 2011) ("[T]his Court has long recognized that, as Forrest Gump might say, drugs and guns go together like peas and carrots."). It would be bad enough for Jones to carry ordinary firearms in connection with his yearslong drug-trafficking activities. But Jones decided to carry an illegally modified machinegun in furtherance of his drug dealing, which made his crimes exponentially more dangerous. *See United States* v. *Jones*, --- F. Supp. 3d ----, 2023 WL 8374409, at *7 (S.D. Ala. Dec. 3, 2023) (collecting cases describing machineguns as "dangerous and unusual weapons that are outside the protection of the Second Amendment").

Indeed, as ATF weapons expert Gregory Stimmel testified at Jones's trial, even firearms instructors with decades of experience and training struggle to maintain control over Glock pistols modified with machinegun-conversion devices. The reason is simple: semiautomatic Glock pistols

2

were not designed to fire automatically. As such, in the hands of an untrained person, a Glock pistol modified with a "Glock switch" is an instrument of death that is certain to cause bloodshed. Sadly, this is a reality with which Mobile is all too familiar. *See, e.g.*, T. Burnside & M. Watson, *1 killed, 8 injured in New Year's Eve shooting in Alabama*, CNN (Jan. 2, 2023), https://www.cnn.com/2023/01/01/us/mobile-alabama-new-years-eve-shooting/index.html; *Mobile Man Pleads Guilty to Illegally Possessing Machinegun That He Fired During New Year's Eve Shooting*, Dep't of Justice (Apr. 19, 2023), https://www.justice.gov/usao-sdal/pr/mobile-man-pleads-guilty-illegally-possessing-machinegun-he-fired-during-new-years-eve. Congress has commanded courts to respond harshly to drug dealers who carry such firearms in furtherance of their drug-trafficking crimes. *See United States* v. *O'Brien*, 560 U.S. 218, 229 ("A finding that a defendant carried a machinegun under § 924, in contrast to some less dangerous firearm, vaults a defendants mandatory minimum sentence from 5 to 30 years . . . .").

    ***Jones's criminal history***. Jones is a career offender, having racked up eight violent felony convictions at age 25. In September 2016, Jones pleaded guilty to reckless endangerment in exchange for dismissal of several charges, including first-degree robbery, assault, and shooting into unoccupied buildings and vehicles. Doc. 92 (PSR), PageID.811, ¶ 68. Three months later, in December 2016, Jones robbed a victim of cash at gunpoint. *Id.*, PageID.812, ¶ 69.

    In February 2018, after serving a stint in jail for the robbery, Jones opened fire at a crowded Mardi Gras parade in the Trinity Gardens neighborhood of Mobile. Jones's gunfire struck three bystanders and peppered various buildings and vehicles, some of which were occupied by several minor children. *Id.*, PageID.813–14, ¶ 70. In June 2019, Jones pleaded guilty to multiple counts of second-degree assault and discharging a gun into occupied and unoccupied buildings and vehicles. He received split sentences that required him to serve only two years in custody. *Id.* Shortly after

3

Jones's release from prison in 2021, he returned to the armed drug trade and committed the serious criminal acts for which he stands convicted in this Court.

Jones's multiple prior violent felonies render him a career offender under U.S.S.G. § 4B1.1. As such, he is in criminal history category VI—the highest category in the Guidelines. Put simply, Jones has an "abysmal record . . . rarely seen" in defendants of his young age. *United States* v. *Jackson*, 2021 WL 469380, at *1 (M.D. Ala. Feb. 9, 2021). Jones's criminal record militates in favor of a severe sentence. *See United States* v. *Gilart*, 162 F. App'x 880, 883 (11th Cir. 2006) (unpublished) (affirming sentence where district court characterized defendant's criminal history as "abysmal" and "horrible").

***Jones's violent nature***. To make matters worse, Jones boasts publicly about his violent criminal activity. Indeed, in May 2023—three months after he was arrested with an illegal machinegun and four pounds of vacuum-sealed, bulk marijuana—Jones posted multiple videos on his Instagram page in which he bragged about the violent crimes he had committed.[1] In one clip, Jones filmed himself walking on a public street in possession of an AR-style firearm as he proclaimed, "Y'all . . . ain't doing nothing but grieving and dying. . . . Y'all know who left them footprints around the city, man." Gov't Ex. 1-B, p. 2. In another clip, Jones bragged about brandishing a firearm to someone's lip at a barbershop, stating, "I done up that 27 in the barbershop on your other big brother, put that bitch to his lip, and told him, 'make me go do ten for his body.'" *Id.*, p. 5.

---

[1] At trial, these video exhibits and their accompanying transcripts were marked as Government Exhibits 19-KK, 19-LL, 20-A, and 20-B, which were not admitted into evidence or presented to the jury. The United States submits that these exhibits are relevant to the Court's evaluation of the Section 3553(a) factors and has attached them to this memorandum as Exhibits 1-A, 1-B, 2-A, and 2-B. The United States separately will provide the Court and defense counsel with discs containing copies of the videos.

In another clip, Jones admitted to shooting various people, bragging, "I done chased them through the mall. I done, God damn—Chris dead, I can say this. I shot Chris, you feel me? I ain't gonna say the other n***a. He dead." Ex. 2-B, p. 2. And in yet another clip, Jones boasted about his violent criminal history, stating, "I was 14-15 years old, . . . facing . . . six-seven felonies, man. . . . Stay out a month, go right back. Have a shootout with the police, man. My little homeboy take juvenile life. Get right back out, have a shootout at the Trinity Garden parade, do two years. *I did all the shooting.*" *Id.*, p. 6 (emphasis added).

Jones's case presents an acute need for the Court's sentence to promote respect for the law, 18 U.S.C. § 3553(a)(2)(A), provide specific and general deterrence, *id.* § 3553(a)(2)(B), and protect the public from further crimes, *id.* § 3553(a)(3)(C). As Jones's own words demonstrate, his numerous prior run-ins with the law only have emboldened him to commit more violent crimes. He is precisely the defendant Congress had in mind when it mandated the Sentencing Commission to design career-offender Guidelines and enacted the consecutive penalties set forth in 18 U.S.C. § 924(c)(1)(B)(ii). *See* 135 Cong. Rec. S15893-01, S15895 (1989) ("This bill is an insurance policy for public safety. It says if you are convicted of using these weapons while trafficking in drugs, you're going to pay dearly for it.") (remarks by Senator Simon).

As the Supreme Court has noted, the purposes of recidivist statutes and similar mandatory sentencing measures are "to deter repeat offenders and, at some point in the life of one who repeatedly commits criminal offenses serious enough to be punished as felonies, to segregate that person from the rest of society for an extended period of time." *Rummel* v. *Estelle*, 445 U.S. 263, 284–85 (1980). For the safety of Mobile and its citizens, the United States urges the Court to impose a sentence in this case that serves these purposes.

**III.     CONCLUSION**

For the foregoing reasons, the Court should impose a sentence within the advisory Guidelines range. The United States requests that the Court incorporate the preliminary order of forfeiture, Doc. 91, in its final judgment.

        Respectfully submitted,

        SEAN P. COSTELLO
        UNITED STATES ATTORNEY

        By:

        */s/ Justin D. Roller*
        Justin D. Roller
        Assistant United States Attorney
        United States Attorney's Office
        63 South Royal Street, Suite 600
        Mobile, Alabama  36602
        (251) 441-5845
        justin.roller@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 4, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record for the defendant.

                                                */s/ Justin D. Roller*
                                                Justin D. Roller
                                                Assistant United States Attorney